IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CAROL JACOBS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| VS. | * | |
| | * | |
| FRIENDLY EXPRESS, INC., | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW the Plaintiff, CAROL JACOBS, who brings this action to recover unpaid overtime compensation due her, and other similarly situated persons, under the Fair Labor Standards Act of 1938, as amended, as well as for other damages, and shows the Court as follows, to-wit:

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, as well as by 28 USC § 1337.

2. The Defendant, FRIENDLY EXPRESS, INC., is a Corporation with places of business in Camden County, Georgia, where the Plaintiff was employed.

3. The Defendant was, at all times mentioned herein, an "enterprise engaged in commerce", as defined in the Fair Labor Standards Act.

4. The Plaintiff worked in the State of Georgia, while employed by FRIENDLY EXPRESS, INC.

5. During the time that the Plaintiff was employed by the Defendant, the Plaintiff worked a substantial amount of overtime, for which the Plaintiff was not

properly compensated, as required by the Fair Labor Standards Act.

6. Accordingly, the Plaintiff should have been paid the regular hourly rate for all of such hours, plus an overtime premium of one-half of the hourly rate for each hour worked in excess of forty hours in any given week.

7. The Defendant has failed to pay the Plaintiff overtime compensation as required by law, and has failed and refused to pay the Plaintiff overtime as required by law after receiving the Plaintiff's demand for said payment.

8. Because the Defendant has not acted in good faith, the Plaintiff is entitled to recover as liquidated damages an amount equal to the total amount of unpaid wages and overtime which the Defendant owes the Plaintiff for all weeks during which the Plaintiff worked for the Defendant.

9. It has been necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against the Defendant, and the Plaintiff has employed the attorney now appearing herein on her behalf. The Plaintiff will be required to expend reasonable attorney's fees for said attorney in the interest of this action, and to expend other costs and expenditures necessarily incurred, and the Plaintiff has agreed to pay said attorney for his services herein.

10. The Defendant should be required to pay the Plaintiff's reasonable attorney's fees and the other costs, all is authorized by the Fair Labor Standard Act.

11. Following the receipt of the letter from the Plaintiff's attorney demanding overtime compensation, the Defendant advised the Plaintiff that she was being demoted to a position paying less.

12. When the Plaintiff did not agree to the aforesaid proposed demotion the Defendant terminated the Plaintiff's employment.

13. The foregoing facts constitute a retaliatory discharge pursuant to the Fair Labor Standards Act.

14. As a result of the wrongful discharge, the Plaintiff is entitled to recover damages in an amount of not less than $100,000.00.

Wherefore, the Plaintiffs pray:

A. That the Plaintiff have a trial by jury;

B That the Defendant's agent be served with a summons and copy of this Complaint, requiring the Defendant to answer said Complaint;

C That the Plaintiff and all other similarly situated persons have and recover from the Defendant all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standard Act and the laws of the State of Georgia, as well as her reasonable attorney's fees; and

D. That the Plaintiff recover damages for wrongful discharge in an amount of not less than $100,000.00, and for such other and further relief as to the Court may seem just and proper.

_____
W. DOUGLAS ADAMS
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
(912) 265-1966